# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| QUEEN ALLEN-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:13-CV-27 JAR |
| | ) |
| TOM J. VILSACK, Secretary of the United | ) |
| States Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The matter now before the Court is Defendant Tom J. Vilsack's Motion to Dismiss. (ECF 2.) Plaintiff Queen Allen-Smith filed a brief in opposition to Defendant's motion (ECF 10), and Defendant filed a reply brief (ECF 13). Further, because both parties attached exhibits outside the pleadings, the Court entered an Order (ECF 14) stating that Defendant's motion would be treated as a motion for summary judgment to the extent it argues that Plaintiff failed to exhaust the claim asserted in Count III, and the parties have been given an opportunity to present additional evidence for this claim. Accordingly, the motion is ready for disposition. For the reasons stated below, Defendant's motion will be granted.

### I. FACTS

In her Complaint, Plaintiff, an African-American woman, alleges that in 1997 she was hired by the United States Department of Agriculture ("USDA") to work in its Centralized Servicing Center. (ECF 1 at 3.) She alleges that, in 2000, she was diagnosed with congestive heart failure and hypertension, and was later diagnosed with mitral valve disorder and depressive disorder. (Id.) She alleges that she therefore "requested accommodation to her medical

condition, namely to work in a position with less stress." (Id.) However, she alleges that "Defendant, on January 28, 2003 denied the request stating that hypertension and stress are not recognized as disabilities because they can be treated with medication." (Id.) She alleges that, as her symptoms worsened, Defendant granted her "multiple requests for accommodation of her disabilities . . . only in limited part, as, for instance, when [it] allowed Plaintiff brief periods of rest during the work day and assigned to her several different jobs on a temporary basis only."[1] (Id. at 3-4.) Plaintiff alleges that she went onto "disability-related medical leave, without pay" in 2006, and "was separated from employment" in 2007. (Id. at 4.)

In her Complaint, Plaintiff also alleges that "Defendant subjected Plaintiff to harassment based on her race, black, by using a racial epithet, among other things" (id. at 7), but Plaintiff fails to provide any additional factual details to support this claim. Defendant states in its motion to dismiss that this claim is based on "a 2003 conversation—for which [Plaintiff] was not present—in which she alleges that she learned from another employee that a branch chief allegedly used a racial epithet . . . ." (ECF 2 at 3.) Plaintiff, in her brief in opposition, states that "[t]he racial epithet was allegedly uttered by Terrie Barton, Chief, Customer Services Branch, on or about June 10, 2003, during a conversation with an employee other than Plaintiff . . . ." (ECF 10 at 3.) Plaintiff further elaborates that Plaintiff reported this June 10, 2003 incident to "Sharon Brickmeyer [sic], the USDA's Acting Director of Centralized Servicing Center, prior to July 7, 2003," that "Brickmeyer [sic] requested that the USDA's Human Resources Officer conduct an investigation of the allegation," and that the "investigation was completed on or about August 8, 2003." (Id. at 3-4.) Plaintiff also attaches Bickmeyer's request for an inquiry as an exhibit to her brief in opposition. Bickmeyer's request for inquiry states that Plaintiff "has stated that she was

---

[1] It is not possible to discern whether Plaintiff means to allege that the rest periods and the alternative assignments were both on a temporary basis, or that only the alternative job assignments were on a temporary basis but she was continually allowed rest periods.

so upset" upon learning about Barton's alleged use of a racial epithet "that she became ill and was unable to remain on duty," and therefore "is asking that the agency reimburse her for leave taken on June 11, 12, and 13, 2003." (ECF 10-1 at 2.) The Court notes that Bickmeyer's inquiry request states "[t]his inquiry is being requested to assist management in determining whether any corrective action is warranted." (Id.)

Plaintiff asserts three counts in her Complaint. In Count I, Plaintiff asserts disability discrimination claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* In support of these claims, Plaintiff alleges that "Defendant failed to make reasonable accommodation [sic] which would have enabled Plaintiff to perform her existing job, or to transfer her to work which could be done with or without accommodation." (ECF 1 at 5.) Plaintiff alleges that "[t]he intentional discriminatory employment practices to which Plaintiff was subjected include . . . (a) refusing Plaintiff's accommodation requests or, in the alternative, only granting them on a limited basis [and] (b) discriminating against Plaintiff by forcing her to apply for disability retirement and to separate from employment . . . ."[2] (Id.) In Count II, Plaintiff asserts retaliation claims pursuant to the ADA and the Rehabilitation Act. In support of these claims, Plaintiff alleges that she "engaged in protected activity when . . . she requested reasonable accommodations on multiple occasions [and that] Defendant retaliated against [her] for engaging in protected activity by . . . refusing [her] accommodation requests, giving [her] no reasonable alternative but to apply for

---

[2] In a disparate treatment case, a similarly situated disabled individual is treated differently because of her disability than less- or non-disabled individuals. Peebles v. Potter, 354 F.3d 761, 766 (8th Cir. 2004). In a reasonable accommodation case, the failure to reasonably accommodate a disability is the adverse action and there is no requirement to demonstrate any adverse action other than the failure to accommodate itself. Mershon v. St. Louis Univ., 442 F.3d 1069, 1077 n.5 (8th Cir. 2006). Plaintiff here appears to state two distinct disability discrimination claims: discrimination for failure to accommodate (where the alleged failure to accommodate is the adverse action), and discrimination for disparate treatment (where the alleged forced retirement and termination is the adverse action). However, other than this allegation, Plaintiff consistently pleads and defends this case solely on the basis of Defendant's alleged failure to accommodate. If Plaintiff intends to assert distinct discrimination claims, she should allege such claims more clearly in an amended complaint.

disability retirement, resulting in separation from employment . . . ." (Id. at 6.) In Count III, Plaintiff asserts a race discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. In support of this claim, Plaintiff alleges that Defendant discriminated against her "by using a racial epithet," that such use "deprived [her] of equal employment opportunities," and that "similarly situated white employees have been afforded different treatment than that afforded Plaintiff in that they have been accommodated by, for instance, reassignment and/or restructuring, so as to enable them to perform their existing job or some other position, without being forced to apply for disability retirement and separate [sic]." (Id. at 6-7.)

## II. STANDARD OF REVIEW

**A.     Rule 12(b)(1)**

A defendant may challenge a district court's subject matter jurisdiction and move to dismiss an action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In a facial challenge, the district court may consider the complaint and any undisputed facts contained in the record, "and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted); see ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011).

**B.     Rule 12(b)(6)**

Pursuant to the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation," Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the district court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted); see also Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Only well-pleaded facts are accepted as true, while threadbare recitals of the elements of a cause of action, naked assertions devoid of factual enhancement, and legal conclusions are not. Ashcroft, 556 U.S. at 678. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 679. To survive a motion to dismiss, a complaint must contain sufficient well-pleaded facts to state "a claim to relief that is plausible on its face." Id. at 678 (quotation omitted). A claim has facial plausibility when the well-pleaded facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. If the well-pleaded facts do not plausibly entitle a plaintiff to relief, the claim should be dismissed. Id.

**C.    Summary Judgment**

Pursuant to the Federal Rules of Civil Procedure, if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the district court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A district court shall grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed. R. Civ. P. 56; Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which

facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the district court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleading. Id. at 248-49.

In passing on a motion for summary judgment, a district court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Torgerson, 643 F.3d at 1042. The court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

### III. DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's ADA disability discrimination and retaliation claims contained in Counts I and II because the ADA does not apply to the federal government. Likewise, Defendant argues that Count III should be dismissed because Plaintiff failed to exhaust the administrative remedies applicable to her Title VII claim.

Further, with regard to Count I, Defendant argues that Plaintiff fails to state facts sufficient to maintain a Rehabilitation Act failure-to-accommodate discrimination claim because she fails to allege what reasonable accommodation Defendant should have provided and how it failed to provide such an accommodation. Similarly, with regard to Count II, Defendant argues that Plaintiff fails to state facts sufficient to maintain a Rehabilitation Act retaliation claim because she fails to allege when she asked for an accommodation, who received the request, when she suffered an adverse action, who made the adverse decision, or that Defendant acted with malice or reckless indifference. Additionally, Defendant argues that Count II should be dismissed because the request for and denial of an accommodation cannot serve as the protected act and the adverse action of a retaliation claim. Finally, with regard to Count III, Defendant argues that Plaintiff fails to state facts sufficient to maintain a Title VII race discrimination claim because she fails to allege facts that describe how white employees are similarly situated to her.

Plaintiff opposes Defendant's motion and asks that it be denied in its entirety. However, Plaintiff fails to address Defendant's contention that the ADA does not apply to the federal government. With regard to Defendant's assertion that she failed to exhaust the administrative remedies applicable to her Title VII claim prior to filing this action, Plaintiff argues that she timely complained about the use of a racial epithet to Bickmeyer. Plaintiff argues that, although Defendant responded to Plaintiff's report of the racial epithet through its human resources process rather than the EEO complaint process, Defendant was nonetheless on notice of her complaint in 2003.

Furthermore, Plaintiff argues that the Complaint adequately pleads facts sufficient to maintain her claims. With regard to Count I, Plaintiff highlights the allegations that Defendant failed to transfer her to work which she could perform, and that the reassignments she did

receive were only on a temporary basis. Plaintiff contends that "Defendant cannot dispute that it is aware of the number and nature of the 'several other jobs' referenced in . . . the Complaint to which it temporarily assignment [sic] Plaintiff, when the assignments occurred, and when each ended." (ECF 10 at 2.) With regard to Count II, Plaintiff maintains that the Complaint contains an allegation "that the Defendant retaliated against her for requesting [a] reasonable accommodation by denial of her requests, leaving Plaintiff with no reasonable alternative but to apply for disability retirement . . . ." (Id. at 2-3.) Plaintiff also argues that "[a] good-faith request for accommodations is protected activity which will support a claim of retaliation," and that "denial of accommodations can constitute retaliation." (Id. at 3.) Finally, with regard to Count III, Plaintiff argues that Defendant's position regarding her failure to explain how white employees were similarly situated to Plaintiff implicates "an evidentiary requirement, not a pleading requirement necessary to survive a motion to dismiss." (Id. at 4.)

## A. The ADA Does Not Apply to the Federal Government—Counts I and II

The ADA explicitly excludes the federal government from the definition of "employer." See 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include the United States, a corporation wholly owned by the government of the United States, or an Indian tribe."); Carroll v. Potter, 163 F. App'x 450, 450 (8th Cir. 2006) ("[W]e agree with the district court that [the plaintiff] could not file suit under the ADA to redress alleged discrimination occurring during his tenure as a federal employee . . . ." (citation omitted)). Accordingly, Congress has not waived the federal government's sovereign immunity with regard to claims brought pursuant to the ADA. See Fox v. United States, No. 3:10CV126, 2012 WL 2685067, at *1 (S.D. Miss. July 6, 2012); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (citations omitted)); Roth

v. United States, 476 F. App'x 95, 2012 WL 3125027, at *1 (8th Cir. Aug. 2, 2012) ("[T]o sue [the] United States, plaintiff must show both waiver of sovereign immunity and grant of subject matter jurisdiction." (quotation omitted)). Sovereign immunity "is jurisdictional in nature," Meyer, 510 U.S. at 475, and a district court should dismiss a case without prejudice if it concludes subject matter jurisdiction is absent, Roth, 2012 WL 3125027, at *1.

Plaintiff offers no argument or authority suggesting that she may assert her ADA claims against the USDA, and such claims, therefore, will be dismissed without prejudice for lack of subject matter jurisdiction.

### B. Plaintiff Failed to Exhaust Her Title VII Administrative Remedies—Count III[3]

Federal employees who seek to bring employment discrimination claims must exhaust available administrative remedies. Relevant to this case, an aggrieved person is subject to regulations that establish pre-complaint processing that requires such a person to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). This requirement is met if, within the stated timeframe, the complainant initiates contact with an EEO Counselor or "any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process." Culpepper v. Schafer, 548 F.3d 1119, 1122 (8th Cir. 2008) (quotation omitted). In some situations, the contact person can include the director of an agency's office of civil rights, id. at 1123, or a supervisor, Nygren v. Ashcroft, 109 F. App'x 816, 819 n.5 (8th Cir. 2004) (citation omitted). Although mandatory, the pre-complaint processing is not a jurisdictional prerequisite. See Coons, 410 F.3d at 1040 ("Under Zipes [v. TWA, Inc., 455 U.S.

---

[3] Because the Court herein finds that judgment should be granted in Defendant's favor on Plaintiff's Title VII race discrimination claim, the Court will decline to address Defendant's alternative arguments regarding the sufficiency of Count III's allegations.

385 (1982)] a federal employment lawsuit may be subject to dismissal if the administrative deadline is not met, but it is not because jurisdiction is lacking."); see also Edwards v. Dept. of the Army, 708 F.2d 1344, 1346-47 (8th Cir. 1983) ("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." (quotation omitted)).

Considering the allegations of the Complaint and the exhibits submitted by the parties, it is clear that Plaintiff failed to contact an EEO counselor within 45 days of the June 10, 2003 alleged use of a racial epithet. Furthermore, Plaintiff submits no evidence or argument that either Bickmeyer or the human resources officer contacted by Bickmeyer was logically connected with the EEO process. Bickmeyer's inquiry request states that its purpose was to assist management in determining whether any corrective action was warranted and indicates only that Plaintiff asked Defendant to reimburse her for leave taken as a result of illness induced upon hearing from another person about the use of a racial epithet. It does not lend support to finding that Plaintiff exhibited her intent to start the EEO process. Further, Plaintiff has put forth no evidence that any defenses, such as waiver, estoppel, and equitable tolling, apply in this instance. Accordingly, judgment will be granted in Defendant's favor on Plaintiff's Title VII race discrimination claim.

### C. Plaintiff Fails to Allege Facts Sufficient to Maintain Her Rehabilitation Act Claims—Counts I and II

#### 1. Failure-to-Accommodate under the Rehabilitation Act—Count I

The Rehabilitation Act "prohibits discrimination 'under any program or activity receiving federal financial assistance' against any otherwise qualified individual with a disability, solely because of his disability." Neudecker v. Boisclair Corp., 351 F.3d 361, 363 (8th Cir. 2003)

(quoting 29 U.S.C. § 794(a)). The prohibited discrimination includes a federal employer's "refusal reasonably to accommodate an employee's disability." Meester v. Runyon, 149 F.3d 855, 858 (8th Cir. 1998) (Heaney, J., dissenting); see Sanchez v. Vilsack, 695 F.3d 1174, 1177 (10th Cir. 2012) ("Part of the government's obligation is to provide reasonable accommodations to disabled employees."). To prevail on a failure-to-accommodate claim, a plaintiff must demonstrate, among other elements, that she requested "a plausibly reasonable accommodation." Sanchez, 695 F.3d at 1177 (citation omitted); see Sapp v. Donohoe, -- F. App'x --, 2013 WL 4828694, at *5 (5th Cir. Sept. 10, 2013) (finding that a plaintiff who does not demonstrate the availability of alternative positions fails to meet her burden of showing a failure to accommodate claim under the Rehabilitation Act); Hodges v. Holder, -- F. App'x --, 2013 WL 3836215, at *2 (2d Cir. July 26, 2013) ("[T]he plaintiff must demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which she could have been reassigned. Mere speculation will not suffice." (quotations omitted)); Russell v. Bellefontaine Habilitation Ctr., No. 4:12CV1849, 4:13CV334, 2013 WL 3092293, at *4 (E.D. Mo. June 18, 2013) ("Plaintiff, however, has failed to identify any of the essential elements of [a failure-to-accommodate] claim. For example, Plaintiff nowhere identifies his alleged disability, nor properly asserts that he is disabled but was qualified to perform the functions of his job with proper accommodations, nor identifies what accommodations he requested. As such, this claim will be dismissed, without prejudice . . . ."); Stipe v. Shinseki, 690 F. Supp. 2d 850, 880 (E.D. Mo. 2010) ("An employer is not required to assign a disabled employee to another position if one is not available or if doing so would thwart its policy to assign the best-qualified persons." (citations omitted)); Riley v. Vilsack, 665 F. Supp. 2d 994, 1007 (W.D. Wis. 2009) (finding that the plaintiff failed to provide notice of his failure-to-accommodate claim because his complaint

did not, among other things, identify the accommodation he needed or provide any factual context for the defendants' alleged failure to accommodate him).

In this case, Plaintiff alleges that Defendant granted her "multiple" accommodation requests "only in limited part, as, for instance, when [it] allowed Plaintiff brief periods of rest during the work day and assigned to her several different jobs on a temporary basis only," and that it "failed to make reasonable accommodation which would have enabled Plaintiff to perform her existing job, or to transfer her to work which could be done with or without accommodation." Although Plaintiff alleges that she was allowed brief periods of rest, she does not clearly allege that this particular (or specifically identify some other) accommodation would have enabled her to perform her job, or was requested but denied. Further, Plaintiff does not identify a then-existing vacant position with less stress to which she could have been permanently reassigned. Plaintiff's allegations lack sufficient factual enhancement and therefore fail to give fair notice of her Rehabilitation Act failure-to-accommodate claim. Accordingly, the Court dismisses this claim without prejudice. Plaintiff may file an amended complaint within fourteen days.

### 2. Retaliation under the Rehabilitation Act—Count II

Retaliation is actionable under the Rehabilitation Act. To succeed on a claim for retaliation under the Rehabilitation Act, a plaintiff must demonstrate that: (1) she engaged in statutorily protected activity; (2) the defendant took adverse action against her; and (3) causal connection exists between adverse action and protected activity. Neudecker, 351 F.3d at 364. Requesting an accommodation is an activity protected by the Rehabilitation Act. Heisler v. Metro. Council, 339 F.3d 622, 632 (8th Cir. 2003); Hill v. Walker, 918 F. Supp. 2d 819, 832 (E.D. Ark. 2013). Further, some courts have found that the denial of an accommodation can

serve as an adverse action. See, e.g., Zeigler v. Potter, 641 F. Supp. 2d 25, 30 (D.D.C. 2009) ("[A]n employer's denial of accommodations, in certain circumstances, can be retaliatory even if it were not prompted by direct discrimination."). However, the request for an accommodation and the denial of that accommodation cannot simultaneously serve as the protected activity and the adverse action, respectively. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001) (finding that a retaliation claim based on the defendant's alleged failure to accommodate "merely reclothes" the plaintiff's discrimination claim); Burch v. Henderson, No. 97-1095-CV-W-6, 2000 WL 97184, at *20 (W.D. Mo. Jan. 27, 2000) (rejecting the plaintiff's argument that the defendant's refusal to accommodate a disability was an act of retaliation because "[i]f no accommodation was otherwise forthcoming from defendant, plaintiff cannot argue that her protected activity 'caused' the absence of a reasonable accommodation").

In this case, Plaintiff alleges that she "engaged in protected activity when . . . she requested reasonable accommodations on multiple occasions," and that Defendant retaliated against her "for engaging in protected activity by . . . refusing Plaintiff's accommodation requests . . . ." These allegations fail to state a claim because she does not provide sufficient factual support to give fair notice of what accommodation she initially requested (to serve as the protected activity) and what accommodation was later denied (to serve as the adverse action). Indeed, Defendant's argument exemplifies why greater factual enhancement is necessary. If, as Defendant argues, Plaintiff is attempting to assert a retaliation claim based on the request and denial of the same accommodation, such a claim would be encompassed by any related failure-to-accommodate discrimination claim. Accordingly, the Court dismisses Plaintiff's Rehabilitation Act retaliation claim without prejudice. Plaintiff may file an amended complaint within fourteen days.

## IV. CONCLUSION

For the above stated reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [2] is **GRANTED** as follows.

**IT IS FURTHER ORDERED** that the ADA claims asserted in Counts I and II of Plaintiff's Complaint are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Rehabilitation Act claims asserted in Counts I and II of Plaintiff's Complaint are **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Count III is deemed a motion for summary judgment, such a motion is **GRANTED**, and judgment will be entered in Defendant's favor on Count III of Plaintiff's Complaint at the conclusion of this case.

**IT IS FURTHER ORDERED** that, within fourteen days of the date of this Memorandum and Order, Plaintiff may file an amended complaint. Failure to do so will result in dismissal with prejudice of the Rehabilitation Act claims asserted in Counts I and II of Plaintiff's Complaint and closure of the case.

Dated this 5th day of February, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE